UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PREMIER INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:20-cv-3386 |
| v. ) | |
| ) | Division No. |
| EMCASCO INSURANCE COMPANY, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## DEFENDANT EMCASCO INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant EMCASCO Insurance Company ("Defendant"), by and through its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Thirty-First Judicial Circuit, Greene County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division. In support of this Notice, Defendant states:

1. On or about October 29, 2020, Plaintiff Premier Investments, LLC ("Plaintiff") filed this claim for property damage insurance coverage and vexatious refusal in the Missouri Circuit Court for the Thirty-First Judicial Circuit, Greene County, Missouri in the civil action styled *Premier Investments, LLC v. EMCASCO Insurance Company*, Cause No. 2031-CC01307. Plaintiff seeks damages for alleged property damage sustained to property it owns in Springfield, Missouri as a result of an alleged storm on or about May 22, 2020.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on Defendant, as well as the complete file from the state court, is attached hereto as Exhibit A and is incorporated herein by reference.

3. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this action.

4. Both at the time this action was commenced and at the time of this removal, Plaintiff was and is a resident and citizen of the State of Missouri with its principal place of business in Springfield, Missouri. (*See* Petition in the attached Exhibit A, ¶ 1).

5. Both at the time this action was commenced and at the time of this removal, Defendant was and is a resident and citizen of the State of Iowa.

6. In the Petition, Plaintiff alleges it suffered property damage in excess of $55,000. (Petition, ¶ 25).

7. Plaintiff also asserts a claim for statutory penalties under Missouri's vexatious refusal statute. "To determine the amount in controversy for purposes of diversity jurisdiction, the Court considers the damages alleged from Plaintiff's breach of contract claim along with the statutory penalties sought on Plaintiff's vexatious refusal to pay claim." *Peng Vang v. Mid-Century Ins. Co.*, 2013 WL 626985, *2 (W.D. Mo. 2013). That statute authorizes a penalty of 20% of the first $1,500 and 10% of any amount of loss in excess of $1,500. RSMo § 375.296. Here, assuming based strictly on the allegations of the petition, the amount of recoverable penalties on Plaintiff's claim for damages in excess of $55,000 totals $5,650, bringing its total claim to at least $60,650.

8. Missouri's vexatious refusal statute also authorizes an award of attorney's fees. RSMo § 375.296 and § 375.420. "Statutory attorney fees ***do*** count toward the jurisdictional minimum for diversity jurisdiction." *Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001)(emphasis added). In determining the potential amount of any award of attorney's

fees, "it is reasonable for a court to estimate that attorney's fees will be based upon a 25% contingency." *Peng Vang*, 2013 WL 626985 at *2. Applying this formula to Plaintiff's total claimed damages and penalties, the amount in controversy totals at least $75,812.50, thereby satisfying the amount in controversy requirement. 28 U.S.C. § 1332(a).

9. This action is being removed to the District Court of the United States for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

10. This Notice of Removal is timely filed. Defendant was served on November 4, 2020. This Notice of Removal is filed within thirty (30) days after the service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)(holding that the thirty day time period under the removal statute begins to run from the date of formal service).

11. Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendant will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Missouri Circuit Court for the Thirty-First Judicial Circuit, Greene County, Missouri.

WHEREFORE, Defendant EMCASCO Insurance Company gives notice that the matter styled as *Premier Investments, LLC v. EMCASCO Insurance Company*, Cause No. 2031-CC01307 in the Missouri Circuit Court for the Thirty-First Judicial Circuit, Greene County, Missouri, is removed to the United States District Court for the Western District of Missouri.

HEPLERBROOM LLC

By: */s/ Michael L. Young*
Michael L. Young     #52058MO
Kathleen S. Hamilton #51974MO
211 N. Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 Fax
mly@heplerbroom.com
ksh@heplerbroom.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a courtesy copy was emailed to the following:

- Grant Johnson (atty.johnson@lawofficegdj.com) - Attorney for Plaintiff

*/s/ Michael L. Young*

4
Case 6:20-cv-03386-DPR   Document 1   Filed 12/04/20   Page 4 of 4