**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| PREMIER INVESTMENTS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| EMCASCO INSURANCE COMPANY, ) | |
| Service Address: ) | |
|   EMCASCO Insurance Company ) | |
|   Director of Insurance ) | |
|   Missouri Department of Insurance ) | |
|   301 W. High Street, Suite 530 ) | |
|   Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

**NOW COMES,** Plaintiff Premier Investments, LLC ("Plaintiff"), by and through counsel of record, and files this Petition for Damages and would show the court as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Premier Investments, LLC, is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Greene County, Missouri.

2. Defendant, EMCASCO Insurance Company ("Defendant"), is a foreign insurance company authorized to do business in the State of Missouri and is in good standing with the Missouri Department of Insurance. Defendant maintains offices and agents for the transaction of business in Greene County, Missouri.

3. This is a breach of contract action under an insurance policy providing coverage for a property located at 1245-1285 E. Montclair Street in Springfield, Greene County Missouri (the "Property"). The Plaintiff's claims arise out of damage to the Property.

1

4. Jurisdiction and Venue are appropriate in the Circuit Court of Greene County, Missouri. Plaintiff seeks damages in excess of $25,000.00.

## II. Factual Background

5. Plaintiff owns a fee interest in the Property, which it rents to retail, restaurant and office tenants under various lease agreements.

6. On or about August 31, 2011, Defendant issued a casualty insurance policy, No. 4A5-79-43 (the "Policy"), to Plaintiff to protect the Plaintiff's Property from damage due to various perils set forth in the Policy. A true and correct copy of the Policy is attached hereto as Exhibit "A."

7. The Policy was renewed on an annual basis on August 31st of each year. Between the time of the Defendant's review of the condition of the Property in early 2020 and the assertion of Plaintiff's claim under the Policy in late May, 2020, Defendant did not communicate any concerns over the condition of the Property to the Plaintiff.

8. On or about May 22, 2020, a series of severe thunderstorms with high winds and 4-5 inches of rain in a 3-4 hour period swept through the area where the Property was located. The storms caused substantial damage to numerous properties in the area of the Property.

9. As a result of damage caused by the storms, water began pouring into one of the tenant spaces at the Property, 1245 E. Montclair Street (the "Tenant's Space") which is occupied by the Jeremiah Mee, CPA accounting firm (the "Tenant"). This was not a "roof leak", but rather a torrent of water that entered the Tenant's Space which was captured on video by the Tenant.

10. The massive water intrusion into the Tenant's Space caused substantial damage to the Tenant's Space and the personal property of the Tenant.

11. At no time during the Plaintiff's ownership of the Property had any water intrusion event even remotely approached the severity and extent of the event that occurred to the Tenant's Space on May 22, 2020.

12. After the storm subsided, Plaintiff requested that its roofing company, Cardinal Roofing Company ("Cardinal") immediately investigate and remediate the conditions allowing the massive water intrusion into the Tenant's Space. Cardinal reviewed the conditions on the roof in the area of the damage to the Tenant's Space and located a dislodged metal area of the internal roof drain. Cardinal pushed the dislodged metal piece back into place and applied extensive additional caulking to make sure there were no further substantial leaks from this area of the roof.

13. Since the repairs made by Cardinal promptly after the storm, there has been no further material water intrusion in the Tenant's Space, even during subsequent substantial rain events.

14. Plaintiff promptly notified Defendant of the storm damage, and filed a claim under the Policy to cover the damage to the Property and the personal property of the Tenant (the "Claim").

15. Defendant responded to the Claim by sending engineers to the Property to document various areas of the roof (most of which had no relevance to the Tenant's Space or the area of damage) that allegedly required repair or maintenance. Based on these self-serving reports commissioned by the Defendant, the Defendant denied any coverage for the Claim, as though the storm event had not occurred, and on the theory that the substantial water damage to the Tenant's Space must have been caused by the need for minor flashing and caulking repairs that had not previously been performed on the roof. Of course, the Defendant could not view the

3

original condition of the internal roof drain in the immediate aftermath of the storm because Cardinal had to repair it to prevent further damage from occurring in the Tenant's Space.

16. In response to the denial of the Claim, Plaintiff gathered additional information over the course of three (3) months to present to Defendant concerning the storm and the damage at the Property and other surrounding properties. Among other things, Plaintiff provided Defendant with: (a) reports of commercial roofing companies that looked at the Property after the storm (all of whom concluded that storm damage had occurred and caused the water intrusion event); (b) photographs from Cardinal and a detailed description of the repair Cardinal made immediately after the storm; (c) the video taken by the Tenant of the water pouring into the Tenant's Space, as well as a video showing the large amount of rain and flooding that occurred on the Property as a result of the substantial amount of rain fall in the short period of time due to such storm systems; (d) photographs of the damage to the Tenant's Space and personal property; (e) information concerning the storm event in the area of the Property including the National Oceanic & Atmospheric Administration report for May 22, 2020 substantiating the same; and (f) invoices and other evidence of the monetary loss and damage suffered by the Plaintiff and its Tenant (the Tenant has requested reimbursement under its lease as the property insurance for the building is the landlord's responsibility).

17. Despite all of the additional information being furnished to the Defendant showing the storm damage to the Property, Defendant continued and repeatedly denied the Claim.

18. On or about June 26, 2020, Defendant unilaterally cancelled the renewal of Plaintiff's Policy, based on the condition of the Property revealed by its examination of the

## Count I (Breach of Contract)

19. Plaintiff incorporates by reference herein the allegations set forth in Paragraphs 1-18 into this Count I, as if set forth verbatim.

20. The Policy generally provided coverage to the Plaintiff for damage to the Property due to an "occurrence".

21. Furthermore, the Policy specifically provided coverage to the Plaintiff for an occurrence which caused damage to, or failure, of roof drain systems. The internal roof gutter drain was, in fact, the area repaired by Cardinal.

22. Under the terms of the Policy, the storm was an occurrence that caused damage to the Property in the form of damage to, and a failure of, the internal roof drain system. This damage, in turn, caused damage to the interior of the Property (the Tenant space finishes) and the personal property of the Tenant.

23. Therefore, Defendant had a clear contractual obligation to cover Plaintiff's damages and loss stemming from the storm event.

24. Defendant's repeated denial of coverage of Plaintiff's claim is a material breach of the terms and conditions of the Policy.

25. As a direct and proximate cause of Defendant's material breach, Plaintiff has suffered damages in excess of $ 55,000.00.

WHEREFORE, Plaintiff prays for a judgment against Defendant in such sum which is fair and reasonable, for prejudgment interest thereon, for Plaintiff's costs incurred and expended herein, and for such other and further relief as the court deems just and appropriate.

## Count II – Vexatious Refusal

26. Plaintiff incorporates paragraphs 1 through 25 into this Count II as if same were set forth herein in full.

27. This is an action by Plaintiff to recover the amount of loss due Plaintiff under a first party policy of insurance, according to the terms and conditions of the Policy.

28. Defendant has willfully failed and refused, for a period exceeding thirty (30) days after due demand, to pay Plaintiff's claim without reasonable cause or excuse.

29. Plaintiff has complied with the terms and conditions under the Policy and has supplied all information requested by Defendant.

30. There is no credible bona fide dispute that Plaintiff's damages are covered under the Policy.

31. Plaintiff is a resident of Missouri and the Policy was issued or delivered in the State of Missouri.

32. Defendant's refusal to pay Plaintiff's loss and claim and refusal to provide coverage is vexatious.

33. Defendant's behavior in handling Plaintiff's claim is improper because its failure to conduct itself in a professional and proper manner and its various attempts to obfuscate and frustrate Plaintiff in its attempt to exercise its rights under the Policy.

34. Plaintiff is entitled to the amount due under the Policy as its damages, as well as, prejudgment interest thereon, statutory penalties and damages due to Defendant's vexatious refusal to pay, and its reasonable attorney's fees as provided under RSMo. §§ 375.296 and 375.420.

WHEREFORE, Plaintiff prays for a judgment against Defendant for an additional amount as penalties, not to exceed twenty percent of the first $1,500.00 of the award on the Policy, not including interest, ten percent of the remainder of such award on the Policy, its reasonable attorney's fees incurred, Plaintiff's costs incurred and expended herein, and for such other and further relief which the court deems just and appropriate.

Submitted by:

*/s/ Grant D. Johnson*
Grant D. Johnson
SBN: 59829
Law Office of Grant D. Johnson, LLC
3645 S. Culpepper Circle
Springfield, MO 65804
p. (417) 841-2779
f. (417) 823-3995
atty.johnson@lawofficegdj.com

ATTORNEY FOR PLAINTIFF

## VERIFICATION

STATE OF __Georgia__ )
                          ) ss.
COUNTY OF __Fulton__ )

      Before me the undersigned notary, did personally appear, __Jennifer Gourley__ a person who is known to me, and after administering an oath to her, she stated that she is an authorized representative of the Plaintiff, that she has read the foregoing Petition, and the facts stated therein are true and correct to the best of her knowledge and belief.

PREMIER INVESTMENTS, LLC

Printed Name: __Jennifer Gourley__
Title: __Manager__

Sworn to and subscribed before me on this __28th__ day of __October__, 2020.

Notary Public
Printed Name: __Savannah Sheats__

My Commission Expires: __June 19th, 2023__

8



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2031-CC01307 |
|---|---|
| Plaintiff/Petitioner:<br>PREMIER INVESTMENTS LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRANT D JOHNSON<br>3645 S CULPEPPER CIRCLE<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>EMCASCO INSURANCE COMPANY | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** EMCASCO INSURANCE COMPANY
                                 **Alias:**

**DIRECTOR OF INSURANCE**
**MO DEPARTMENT OF INSURANCE**
**301 W HIGH ST STE 530**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*
*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 10/29/2020 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                               Date                                 Notary Public

**Sheriff's Fees, if applicable**
Summons      $_____
Non Est      $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $_____10.00_____
Mileage      $_____ (_____ miles @ $._____ per mile)
**Total**      $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2440   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03386-DPR   Document 1-1   Filed 12/04/20   Page 9 of 14

Electronically Filed - Greene - October 30, 2020 - 09:41 AM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| PREMIER INVESTMENTS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2031-CC01307 |
| EMCASCO INSURANCE COMPANY, | ) |
| Service Address: | ) |
|     EMCASCO Insurance Company | ) |
|     Director of Insurance | ) |
|     Missouri Department of Insurance | ) |
|     301 W. High Street, Suite 530 | ) |
|     Jefferson City, MO 65101 | ) |
| Defendant. | ) |

### REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW, Plaintiff, Premier Investments LLC, by and through its attorney, Grant D. Johnson, and files this Request for Special Process Server, and at its own risk requests the appointment of David M. Roberts of Central Missouri Process Servers, 620-B East High Street, Jefferson City, MO 65101, (573) 634-7200, a person of lawful age who is not a part of this action, to serve the Summons and Petition in this cause, on Defendant, EMCASCO Insurance Company.

Respectfully submitted,

*/s/ Grant D. Johnson*
Grant D. Johnson
Mo Bar# 59829
Law Office of Grant D. Johnson, LLC
3645 S. Culpepper Circle
Springfield, MO 65804
p. (417) 841-2779
f.  (417) 823-3995
atty.johnson@lawofficegdj.com

ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | | |
|---|---|---|
| PREMIER INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2031-CC01307 |
| | ) | |
| EMCASCO INSURANCE COMPANY, | ) | |
| Service Address: | ) | |
|   EMCASCO Insurance Company | ) | |
|   Director of Insurance | ) | |
|   Missouri Department of Insurance | ) | |
|   301 W. High Street, Suite 530 | ) | |
|   Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER APPOINTING SPECIAL PROCESS SERVER**

David M. Roberts of Central Missouri Process Servers, 620-B East High Street, Jefferson City, MO 65101, (573) 634-7200, a natural person of lawful age who is not a part of this action, is hereby authorized to serve the Summons and Petition in this cause, on Defendant, EMCASCO Insurance Company c/o Director of Insurance.

_____
Clerk of the Greene County Circuit Court

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| PREMIER INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2031-CC01307 |
| | ) | |
| EMCASCO INSURANCE COMPANY, | ) | |
| Service Address: | ) | |
|    EMCASCO Insurance Company | ) | |
|    Director of Insurance | ) | |
|    Missouri Department of Insurance | ) | |
|    301 W. High Street, Suite 530 | ) | |
|    Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPOINTING SPECIAL PROCESS SERVER

David M. Roberts of Central Missouri Process Servers, 620-B East High Street, Jefferson City, MO 65101, (573) 634-7200, a natural person of lawful age who is not a part of this action, is hereby authorized to serve the Summons and Petition in this cause, on Defendant, EMCASCO Insurance Company c/o Director of Insurance.

/S/ THOMAS R. BARR BY CR
Clerk of the Greene County Circuit Court

Electronically Filed - Greene - November 05, 2020 - 09:57 AM



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division: MICHAEL J CORDONNIER | Case Number: 2031-CC01307 |
|---|---|
| Plaintiff/Petitioner: PREMIER INVESTMENTS LLC vs. | Plaintiff's/Petitioner's Attorney/Address GRANT D JOHNSON 3645 S CULPEPPER CIRCLE SPRINGFIELD, MO 65804 |
| Defendant/Respondent: EMCASCO INSURANCE COMPANY Nature of Suit: CC Breach of Contract | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: EMCASCO INSURANCE COMPANY
Alias:
DIRECTOR OF INSURANCE
MO DEPARTMENT OF INSURANCE
301 W HIGH ST STE 530
JEFFERSON CITY, MO 65101



COURT SEAL OF GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10/29/2020 Date — /S/ THOMAS R. BARR BY CR Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: KIM LANDERS (name) designee of the DIRECTOR OF INSURANCE (title).
☐ other: * SERVED TWO COPIES.

Served at 301 W. High St., Ste. 530, JEFFERSON CITY, MO 65101 (address)
in COLE (County)/City of St. Louis, MO, on 11/04/20 (date) at 2:55 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server — Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 11-4-20 (date).
(Seal)
My commission expires: 12-4-20 Date — Notary Public

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-2440   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03386-DPR   Document 1-1   Filed 12/04/20   Page 13 of 14

State of Missouri

# Department of Commerce and Insurance



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

EMCASCO INSURANCE COMPANY
PO BOX 712
717 MULBERRY ST
DES MOINES, IA 50306

FILED
NOV 24 2020
CIRCUIT CLERK
GREENE COUNTY

**RE:** Court: Greene Co. Circuit Court, Case Number: 2031-CC01307

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Wednesday, November 4, 2020.

_Chlora Lindley-Myers_
Director of Commerce and Insurance

---

AFFIDAVIT

State of Missouri,
　　　　　ss.
County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on November 5, 2020 by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: _____

Subscribed and sworn to before me this 5 day of November 2020

_____
Notary Public

My commission expires:

KIMBERLY LANDERS
My Commission Expires
May 18, 2024
Callaway County
Commission #12558402

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-0690
Telephone 573-526-0000 / TDD 1-573-526-4536 (Hearing Impaired)
http://www.dci.mo.gov